# In the United States Court of Federal Claims

No. 18-173C
(Filed May 31, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
                                *
EAGLE EYE ELECTRIC, LLC,        *
                                *
            Plaintiff,          *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
            Defendant,          *
                                *
      and                       *
                                *
ADVANCIA-AHTNA JV LLC,          *
                                *
      Defendant-Intervenor.     *
                                *
* * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record at the conclusion of today's hearing, defendant and intervenor's cross-motions for judgment on the administrative record are **GRANTED**, and plaintiff's motion for judgment on the administrative record is **DENIED**. In this matter, Eagle Eye Electric protested the Social Security Administration's determination not to attribute to plaintiff the experience and past performance of plaintiff's parent and sister companies. But as our court has recognized, the Government Accountability Office line of decisions upon which plaintiff rests "permits, rather than requires, attribution of the affiliate's past performance to the offeror." *Precision Asset Mgmt. Corp. v. United States*, 135 Fed. Cl. 342, 357 (2017) (quoting *Linc Gov't Servs., LLC v. United States*, 96 Fed. Cl. 672, 722 (2010)). No statute, regulation, or solicitation provision requires this attribution. Thus, the agency had no obligation to explain why it had decided not to do something which it was not required to do. As the solicitation did not commit the agency to consider the experience of an offeror's affiliates, the agency's decision not to do so did not depart from evaluation criteria, nor can it be said to have employed unstated evaluation criteria. The agency did not act arbitrarily, but rather

rationally explained that plaintiff was not involved in the projects which were cited for the latter's experience and past performance. Admin. R. at 528, 536. For these reasons, as more fully explained at the hearing, plaintiff's motion for judgment is **DENIED**, and the cross-motions of defendant and intervenor are **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge